UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62061-RAR

**JUNIOR GALETTE,**

   Plaintiff,

v.

**MANUEL A. MORALES, *et al.*,**

   Defendants.
_____/

## ORDER TO AMEND

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on November 4, 2022. *See* Complaint [ECF No. 1] ("Compl."). A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it . . . ." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). Further, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)).

Here, after careful consideration, the Court finds that an amended complaint is required because the Complaint does not comply with the Federal Rules of Civil Procedure. Before addressing the pleading deficiencies at issue, Plaintiff is first instructed on generally applicable rules of pleading.

## LEGAL STANDARD

To begin, although appearing *pro se*, Plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*,

863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); *McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017) (affirming dismissal after *pro se* litigant's noncompliance with court orders); *see also* Local Rule 1.1 (explaining the Local Rules apply in all proceedings unless otherwise indicated and that the word "counsel" shall apply to a party that is proceeding *pro se*).

The Federal Rules of Civil Procedure provide, in pertinent part, that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In addition, the complaint must specify the grounds for relief available to the moving party, state the facts supporting each ground for relief, and must be signed by Plaintiff or by a person authorized to sign on behalf of Plaintiff. *See* FED. R. CIV. P. 8; FED. R. CIV. P. 11.

When plaintiffs fail to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with local rules, its usefulness is substantially diminished. Still, *pro se* litigants should ordinarily be afforded an opportunity to amend. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (noting that where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, the movant is entitled an opportunity to amend).

If an amended complaint is filed, the Court will only consider claims raised in the amended complaint. Furthermore, the Court does not act as researcher or investigator on a plaintiff's behalf. *See Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). Put simply, this Court does not serve as a litigant's attorney, and any amendment subsumes previous allegations. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132

F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Failure to adhere to procedural rules or court orders, of course, provides grounds for dismissal. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified). Indeed, *pro se* litigants are not exempt from procedural rules. *See McLeod*, 679 F. App'x at 843.

The Court must hold the allegations in a *pro se* civil rights complaint to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Likewise, liberal construction does not authorize *pro se* litigants to file impermissible "shotgun" pleadings. The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). "The most common" shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. "The next most common type . . . is a complaint that [is] . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that . . . [does] not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–1323. Lastly, "there is the relatively rare [shotgun pleading] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Stated bluntly, shotgun pleadings are "a massive waste of judicial and private resources." *Id.* (cleaned up). Thus, the Eleventh Circuit has made clear that shotgun pleadings are an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir. 2002).

## **ANALYSIS**

With the foregoing legal standards in mind, the Court turns to the instant Complaint. "A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). Still, as the Court stated previously, *pro se* litigants must comply with procedural rules. *See McLeod*, 679 F. App'x at 843.

To start, in Section III of the Complaint, Plaintiff asserts a variety of bases for jurisdiction, several of which appear irrelevant or overbroad. These include various sections of the "1865 Florida Constitution Declaration of Rights," the Articles of Confederation, the Federal Judiciary Act of 1789, and "[a]ll 50 Plus States Bills and Declaration of Rights." Compl. ¶ 5. As pled, the

Jurisdiction Section is insufficient to establish that the Court has jurisdiction over all of Plaintiff's claims.

Next, Sections VI through VIII, all of which contain factual allegations of some form, are replete with vague, conclusory, and immaterial information. For example, as to his seemingly alleged unlawful detention, Plaintiff asserts that he was "taken to prison (UNLAWFULLY)," but does not assert *why* this action, even assuming the allegation is true, was unlawful. Compl. ¶ 11. Relatedly, Plaintiff appears to assert that Defendants have "been co-opted" by what Plaintiff has termed an "EXECUTIVE BRANCH PROGRAM," which is too vague to give Defendants adequate notice of the basis for Plaintiff's claims. Compl. ¶ 13. Additionally, Section VIII consists of a single paragraph that is largely a list of undefined phrases and citations to authorities, including, again, the seemingly irrelevant Articles of Confederation. Compl. ¶ 14.

Further, because the Complaint is replete with numerous longform quotations, some of which appear to be over a page in length, and "maxim[s]," it does not comply with Rule 8's requirement that plaintiffs state their claims in a manner that is "short and plain." And the Complaint does not "separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–1323. This, taken together with the vague and immaterial information discussed above, makes the Complaint a shotgun pleading. *See id.* Additionally, while Plaintiff asserts claims against five Defendants, Section XV, containing the "Relief To Be Granted," only lists two Defendants after demanding relief from "all violators." Compl. ¶ 18. Plaintiff has also included an affidavit styled as a letter in which he appears to "deny consent" to trying his action in an "administrative court." [ECF No. 1-2]. The relevance of this exhibit is unclear.

This is not an exhaustive list of the deficiencies observed in the Complaint. Plaintiff may have ***one opportunity*** to rectify his Complaint. Plaintiff is instructed to follow the directives and applicable rules articulated in this Order if Plaintiff still wishes to pursue this action. Thus, it is

**ORDERED AND ADJUDGED** as follows:

1. Consistent with the purpose of Fed. R. Civ. P. 8, Plaintiff is granted leave to file an amended complaint. Moreover, the Court encourages Plaintiff to make every effort to only include exhibits relevant to his amended complaint.

2. On or before **November 28, 2022**, the amended complaint must be docketed and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

3. The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above so that it will be filed in this case.

4. The amended complaint must contain a separate paragraph as to each Defendant explaining what that particular Defendant did and the supporting facts to show why that person is being sued.

5. Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Court's Orders shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

6. Plaintiff is reminded that the amended complaint should, at the very least, cure the deficiencies identified within this Order to state a claim for relief.

7. The Clerk's Office is **INSTRUCTED** to administratively close this case. Plaintiff is, in addition, warned that failure to file his amended complaint on time and in compliance with this Order shall result in this case remaining closed.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of November, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Junior Galette, *pro se*